JEROME F. MANNING *vs.* SAMUEL BORLAND.

Lincoln.    Opinion November 29, 1890.

*Client and Attorney. Evidence. Practice. Rule of Court X.*

In a suit to recover for services claimed to have been rendered by the plaintiff in the prosecution of an "Alabama" claim, the defendant was permitted to prove that, subsequent to the time when the services sued for were claimed to have been performed, the plaintiff was expelled from the court and prohibited from prosecuting claims therein. *Held*; that this evidence was not admissible, or relevant to the issue.

A paper purporting to be a contract between the defendant and a third party, by the terms of which the latter was to have twenty per cent of the amount recovered from the government, was held inadmissible.

Proof of the execution of this document, which was executed in the presence of an attesting witness, does not appear to be governed by rule X of this court.

ON EXCEPTIONS.

This was an action of assumpsit for services rendered in prosecuting a claim in the court of commissioners of Alabama claims, the petition for which was filed January 13, 1883. At the trial, plaintiff was asked on cross-examination, if he was expelled from the court of Alabama claims July 29, 1885. The

plaintiff's counsel objected to the admission of this question on the ground that the record would be the better evidence and that the inquiry was wholly immaterial, as plaintiff claimed that his services were wholly performed before he was expelled. The presiding justice admitted the testimony.

The defendant was also permitted to introduce in evidence, against the plaintiff's objection, the following document, marked exhibit B.

"Alabama Claims.

### AGREEMENT FOR FEES.

"I hereby promise and agree to allow and pay to Joshua Nickerson or his order, executors, administrators, or assigns, an amount of money equal to twenty per centum of any sum, or sums, of money awarded, decreed, and paid to me, my order, executors, administrators, or assigns, by the government of the United States, or any person, court, commission, convention, or tribunal by said government authorized to award, decree, and pay, on account and in satisfaction of our my claim or claims against said government for damages, losses, or disbursements, on account of the payment of increased insurance, or so-called war premiums paid by said Samuel Borland.

"This is in consideration of certain expenses and services by the said Joshua Nickerson, or his order, to which we hereby bind ourselves, our executor, administrators, and assigns. No payment is due and payable to the said Joshua Nickerson, his order, executors, administrators, or assigns, until the amount is awarded and decreed to me, on said claim or claims by the said government, or on its order, or account; and this payment, when due and payable to said attorney, is made a first lien on the award and decree therein. Witness our hands and seals, interchangeably, this 13th day of January, A. D., 1883.

Samuel Borland, by J. A. Borland, Attorney in fact. Seal.

Joshua Nickerson. Seal.

"Executed in duplicate.

"Witness : P. E. O'Connor.

"Received, New York, January 4th, 1888, from B. F. Metcalf,

twenty dollars for commissions as per contract in Alabama claim No. 5532, Samuel Borland *vs.* the United States.

J. Nickerson, & Son."

The verdict was for the defendant, and the plaintiff filed exceptions to the admission of the evidence admitted.

*O. D. Castner, Jerome F. Manning* with him, for the plaintiff.

The execution of any instrument to which there are subscribing witnesses must, if such instrument is used in aid of a suit, or defense, or is directly in issue, be proved by the evidence of such subscribing witness, or one of them, or proof of their signature be given. *Kinney* v. *Flynn,* 2 R. I. 319 ; *Jones* v. *Phelps,* 5 Mich. 218 ; *Hollenback* v. *Flemming,* 6 Hill, (N. Y.) 303 ; *Melcher* v. *Flanders,* 40 N. H. 139 ; *Davis* v. *Alston,* 61 Ga. 225 ; *Barry* v. *Ryan,* 4 Gray, 523 ; *Ayres* v. *Hewett,* 19 Maine, 281, 286. This rule is universal, and applies to a simple receipt as fully as to a more formal instrument. *Pearl* v. *Allen,* 1 Tyler, 4 ; Best. Ev. § 31, p. 215. It is immaterial that the party against whom such instrument is offered as evidence has admitted its execution. *Storey* v. *Levett,* 1 E. D. Smith, 153 ; *Brigham* v. *Palmer,* 3 Allen, 450 ; *Fox* v. *Reil,* 3 Johns. 477 ; *Ellis* v. *Smith,* 10 Ga. 253. The defendant could promise to pay as many as he liked ; but such promise could not affect in any way plaintiff's claim. Counsel also cited : *Manning* v. *Sprague,* 148 Mass. 18 ; *Ins. Co.* v. *U. S.* 112 U. S. 193 ; *Froxcroft* v. *Crooker,* 40 Maine, 308 ; Wharton Ev. 1 § § 644, 646, 619, 197 ; *Whiton* v. *Ins. Co.* 109 Mass. 24 ; *Fuller* v. *Princeton,* Dane Abr. 333, 334 ; *Morris* v. *Edwards,* 1 Ohio, 189, 209 ; *Morris* v. *Harmer,* 7 Pet. 554 ; *Houghton* v. *Gilbert,* 7 C. & P. 701 ; Best Ev. (Chamberlayn,) pp. 454–457 and notes ; *Leavitt* v. *Leavitt,* 4 Maine, 161 ; *Handley* v. *Call,* 27 Maine, 35 ; *Kelley* v. *Merrill,* 14 Maine, 228 ; *Woodman* v. *Seyar,* 25 Maine, 90 ; *Gage* v. *Wilson,* 17 Maine, 378 ; *Whittemore* v. *Brooks,* 1 Maine, 57, 59 ; *Pullen* v. *Hutchinson,* 25 Maine, 249 ; Abbott's Trial Ev. 391 ; *Paine*

v. *Tucker*, 21 Maine, 138 ; *Meth. Corp.* v. *Herrick*, 25 Maine, ~354; *Tyng* v. *B. & M. R. R.* 12 Cush. 277.

*True P. Pierce*, for defendant.

The paper offered in evidence was properly admitted ; as it was executed in the presence of a witness not within the jurisdiction of the court, its execution could be proven "in any manner." 1 Green. Ev. § 572.

WALTON, J.   This is a suit to recover for services claimed to have been rendered in the prosecution of an "Alabama Claim." The defendant was permitted to prove that subsequent to the time when the services sued for were claimed to have been performed, the plaintiff was expelled from the court and prohibited from prosecuting claims therein. We think this evidence was not admissible. Although well calculated to create prejudice against the plaintiff and the validity of his claim, still, it was wholly irrelevant to the issue then being tried.   And the evidence was specifically objected to on the ground of irrelevancy.   We think the objection should have been sustained.

The defendant was also permitted to introduce into the case as evidence a paper purporting to be a contract between himself and one Joshua Nickerson, by the terms of which the latter was to have twenty per cent of the amount recovered of the government.   See defendant's exhibit B.   We can discover no valid ground for the admission of this paper.   The plaintiff was not a party to it ; and, so far as appears, had no knowledge of its existence.   Its execution was not proved, and we think it was not admissible if its execution had been proved.   It could not properly affect or invalidate the plaintiff's claim.

*Exceptions sustained.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.